IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ROLANDO STOCKTON,
   *Petitioner*,

v.

UNITED STATES OF AMERICA,
   *Defendant*.

Criminal No. ELH-99-352
Civil No. ELH-09-281

**MEMORANDUM**

This Memorandum addresses the Rule 60(b)(5) motion (the "Motion" or the "Petition") filed by Petitioner Rolando Stockton on January 23, 2018.[1] ECF 627. Stockton, who is self-represented, seeks to vacate the Memorandum and Order of Judge Marvin Garbis entered July 5, 2012 (ECF 570), denying Stockton's Motion to Vacate filed under 28 U.S.C. § 2255. *See* ECF 530; ECF 531.[2] The government has filed a response in opposition. ECF 628. Stockton has replied. ECF 630.

No hearing is necessary to resolve the Motion. For the reasons that follow, I shall deny the Motion.

**I.    Factual and Procedural Background**

Stockton was charged with multiple offenses in a Superseding Indictment filed on August 19, 1999. ECF 33. A Fifth Superseding Indictment was filed on April 17, 2001. On May 30,

---

[1] This is a rather old case, dating to 1999, with a long history. It began more than a decade before I was appointed to the federal bench. Due to the age of the case, the Court cannot access all of the filings that are referenced on the electronic docket. In July 2018, the case was reassigned from Judge Garbis to me, due to the retirement of Judge Garbis.

[2] Stockton was represented in connection with the § 2255 motion docketed at ECF 530 and ECF 531. The filing was titled as an Amended Motion under 28 U.S.C. § 2255, presumably because Stockton previously filed a pro se motion to vacate. *See* ECF 494.

2001, following a jury trial, Stockton was convicted of conspiracy to distribute and possess with intent to distribute heroin, in violation of 21 U.S.C. § 846; use of a firearm in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c); and being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1). ECF 394.

At sentencing on January 15, 2002 (*see* Docket), Judge Garbis departed downward, over government objection, from a guideline sentence of 480 months' incarceration. *See* ECF 570 at 2. It appears that Judge Garbis thought that Stockton's career offender designation under U.S.S.G. § 4B1.1 overstated his criminal history. Instead, he sentenced Stockton to an aggregate sentence of 330 months' imprisonment. *See* ECF 421 (Judgment docketed January 28, 2002). As the government observes, this was a "departure of 150 months." ECF 628 at 2.

Stockton noted an appeal to the Fourth Circuit. ECF 422. The government filed a cross appeal as to the sentence (ECF 427), challenging the 150-month downward departure. On November 17, 2003, the Court of Appeals for the Fourth Circuit affirmed Stockton's conviction, but reversed the District Court's decision to depart downward based on an over-representation as to the career offender designation. *See* ECF 464; *see also United States v. Stockton*, 349 F.3d 755 (4th Cir. 2003). The Court said, *id.* at 765: "Rolando Stockton is exactly the type of person to whom the career offender classification is intended to apply." The Fourth Circuit remanded for a new sentencing, with instructions to apply the career offender classification.

Judge Garbis resentenced Stockton on March 12, 2004. *See* Docket. An Amended Judgment was entered on April 1, 2004, reflecting a total term of imprisonment of 480 months' incarceration. ECF 465.

On January 5, 2006, Stockton filed a motion to vacate under 28 U.S.C. § 2255. ECF 494. In a Memorandum and Order of July 13, 2006 (ECF 501), Judge Garbis denied the Motion as time

barred. The Court later denied (ECF 504) Stockton's Motion to alter or amend. *See* ECF 503. But, in a Memorandum and Order of September 15, 2006 (ECF 509), Judge Garbis authorized the filing of an appeal, nunc pro tunc, from the resentencing held on March 12, 2004. The Fourth Circuit dismissed the appeal on July 20, 2007. ECF 518; *see United States v. Stockton*, 240 Fed. App'x 601 (4th Cir. 2007).

Then, through court-appointed counsel (ECF 524), Stockton filed an amended § 2255 petition. *See* ECF 530; ECF 531. And, in a Memorandum and Order of June 19, 2004 (ECF 540), Judge Garbis rescinded his ruling in ECF 501, finding that Stockton's attorney had failed to file a timely § 2255 motion, despite the Court's direction to do so.

A motion hearing was held on August 20, 2009. ECF 547. Other hearings were held on May 6, 2011 (ECF 557) and July 19, 2011. ECF 561. In a comprehensive, 35-page Memorandum and Order of July 5, 2012, Judge Garbis denied the § 2255 petition on the merits. ECF 570.

Stockton then noted an appeal to the Fourth Circuit. ECF 572. That Court affirmed in an unpublished, per curiam opinion issued on November 20, 2013. ECF 596. The Court rejected the claim of ineffective assistance of counsel in connection with two pre-trial plea offers. The mandate issued on January 13, 2014. ECF 597.

In orders of March 1, 2017 (ECF 624) and June 21, 2017 (ECF 626), Judge Garbis denied Stockton's motions for reduction of sentence and for modification of sentence. *See* ECF 602; ECF 623. The Rule 60(b)(5) Motion now at issue followed on January 23, 2018. ECF 627. In it, Stockton seeks to vacate the Court's Memorandum and Order of July 5, 2012 (ECF 570), denying his § 2255 motion.

In the Petition at issue, Stockton claims that he is entitled to relief because of a change in the law. He relies on the Fourth Circuit's decision in *United States v. Davis*, 720 F.3d 215 (4th

Cir. 2013). In its opposition, the government contends that the Motion is subject to dismissal as a successive § 2255 Petition that was filed without authorization from the Fourth Circuit. ECF 628 at 2.

## II. Discussion

### A.

Section 2255(a) of Title 28 of the United States Code provides relief to a prisoner in federal custody only on specific grounds: that the sentence was imposed in violation of the Constitution or laws of the United States; that the court was without jurisdiction to impose such a sentence; that the sentence was in excess of the maximum authorized by law; or that the sentence is otherwise subject to collateral attack.

In reviewing such a motion, the Court is mindful that a self-represented litigant is generally "held to a 'less stringent standard' than is a lawyer, and the Court must liberally construe his claims, no matter how 'inartfully' pled." *Morrison v. United States*, RDB-12-3607, 2014 WL 979201, at *2 (D. Md. Mar. 12, 2014) (internal citations omitted); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (stating that claims of self-represented litigants are held "to less stringent standards than formal pleadings drafted by lawyers"); *Bala v. Commonwealth of Virginia Dep't of Conservation & Recreation*, 532 F. App'x 332, 334 (4th Cir. 2013) (same).

Under 28 U.S.C. § 2255(f), a post-conviction petition is subject to a one-year limitation period, which runs from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

4

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Under 28 U.S.C. § 2255(f)(3), the one-year period of limitations can run from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."

**B.**

In 1996, Congress placed "significant restrictions on prisoner litigation" through the enactment of the Antiterrorism and Effective Death Penalty Act ("AEDPA"). *See United States v. Winestock*, 340 F.3d 200, 203 (4th Cir. 2003). AEDPA requires, *inter alia*, that the filing of a "second or successive motion" brought under § 2255 must be authorized in advance by "a panel of the appropriate court of appeals." 28 U.S.C. § 2255(h); *see United States v. Poole*, 531 F.3d 263, 266 n.4 (4th Cir. 2008). Absent such authorization, a district court must dismiss a successive § 2255 motion for lack of jurisdiction. *See* 28 U.S.C. § 2255; *Winestock*, 340 F.3d at 205.

In *Winestock*, 340 F.3d at 206, the Fourth Circuit stated "that district courts must treat Rule 60(b) motions as successive collateral review applications when failing to do so would allow the applicant to 'evade the bar against relitigation of claims presented in a prior application or the bar against litigation of claims not presented in a prior application.'" (quoting *Calderon v. Thompson*, 523 U.S. 538, 553 (1998)).[3] To distinguish between a proper Rule 60(b) motion and an improper, successive § 2255 habeas petition, the *Winestock* Court explained, 340 F.3d at 207:

---

[3] Federal Rule of Civil Procedure 60(b)(5) – Grounds for Relief from a Final Judgment, Order, or Proceeding – provides that "the court may relieve a party or its legal representative from a final judgment, order, or proceeding [where] the judgment has been satisfied, released or

5

> [A] motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application, while a motion seeking a remedy for some defect in the collateral review process will generally be deemed a proper motion to reconsider. Thus, a brand-new, free-standing allegation of constitutional error in the underlying criminal judgment will virtually always implicate the rules governing successive applications. Similarly, new legal arguments or proffers of additional evidence will usually signify that the prisoner is not seeking relief available under Rule 60(b) but is instead continuing his collateral attack on his conviction or sentence.

According to Stockton, his Motion is not a second or successive § 2255 Petition because he "is not attempting to add a new ground for relief, nor attack this Court's previous resolution of any habeas claim on the merits." ECF 627 at 4. Petitioner asks this Court to consider "the present validity and/or integrity of the proceeding itself." *Id.* He is "imploring the Court to consider" the "July 5, 2012 Order confirming Petitioner's status as a career offender in light of a newly retroactive change in law – i.e. United States v. Davis, 720 F.3d 215 (4th Cir. 2013)." *Id*. at 4-5.

In *United States v. Davis*, 720 F.3d 215, the Fourth Circuit held that the defendant's consolidated sentence under North Carolina law for separate robberies constituted a single sentence, thereby precluding his eligibility for a career offender designation. *Id.* at 216. *Davis* is not retroactive, however. *See Moye v. United States*, 2016 WL 4004580, at *9 (E.D.N.C. May 27, 2016) ("*Davis* is not retroactively applicable to cases on collateral review"); *Lee v. United States*, 2013 WL 5561438, at *3 (E.D.N.C. Oct. 3, 2013).

Moreover, *Davis* was decided nearly five years ago. Therefore, even if *Davis* were retroactive and Stockton had requested authorization from the Fourth Circuit, his Motion would still be barred as untimely.

---

discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable."

6

Because Stockton does not raise any challenges to defects in his federal habeas proceedings and instead brings a new, free-standing allegation of constitutional error in the underlying criminal judgment, he is indeed continuing his collateral attack of his sentence. The Court must therefore treat the Rule 60 Motion as a successive § 2255 Petition. And, Stockton has not received authorization from the Fourth Circuit to file a successive § 2255 Petition. Accordingly, the Rule 60 Motion must be summarily denied for lack of jurisdiction.

Alternatively, Stockton does not explain how or why *Davis* would apply to his case. There is no indication that his career offender designation was erroneously predicated on facts comparable to those at issue in *Davis*. Therefore, even if I were to reach the merits, I discern no basis for relief.

### III.     Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2255, the court is required to issue or deny a certificate of appealability ("COA") when it enters a final order adverse to the applicant. A COA is a "jurisdictional prerequisite" to an appeal from the court's earlier order. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007). In other words, unless a COA is issued, a petitioner may not appeal the court's decision in a § 2255 proceeding. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b).

A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see Buck v. Davis*, ___ U.S. ___, 137 S. Ct. 759, 773 (2017). Where the court denies a petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong. *See Tennard v. Dretke*, 542 U.S. 274, 282 (2004); *Slack*

*v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003).

I decline to issue a COA. However, the denial of a COA by the district court does not preclude Petitioner from seeking a COA from the appellate court.

An Order follows.

Date: December 18, 2018                    /s/
                                           Ellen L. Hollander
                                           United States District Judge